OPINION
PER CURIAM.
Petitioners Bing Ayu Puspita, Wibisono Alianto, Sherin Alianto, and Steffi Alianto seek review of a June 30, 2008, final decision by the Board of Immigration Appeals (“BIA”) dismissing their appeal. For the reasons that follow, we will deny the petition for review.
I. Background
Puspita,[1] a native and citizen of Indonesia, is an ethnic Chinese Christian. She and her family arrived in the United States in October 2004 and overstayed their visitors’ visas. In March 2005, Pus-pita applied for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”) for herself and her family, claiming past persecution and a fear of future persecution and torture on account of ethnicity and religion. Specifically, Puspita claims to fear violence by Muslims against ethnic Chinese Christians, particularly since A1 Qaeda’s bombing of a Bali nightclub in October 2002.
The Department of Homeland Security initiated removal proceedings. After a hearing, the Immigration Judge (“IJ”) issued an oral decision on November 2, 2006. The IJ concluded that Puspita failed to show that she suffered past persecution in Indonesia. He concluded that certain aspects of her testimony were implausible and he questioned her motivation for leaving Indonesia, particularly because Puspita *353 conceded that the Bali bombing was directed at western tourists and not at ethnic Chinese Christians. The IJ found that the objective evidence did not support Pus-pita’s future persecution claims, and concluded that she did not meet her burden of proof. The IJ therefore denied her application.
Puspita appealed to the BIA. On June 30, 2008, the BIA dismissed the appeal. This petition for review followed.
II. Analysis
In cases where, as here, “the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, [this Court has] authority to review the decisions of both the IJ and the BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review the rejection of Pus-pita’s claim under the deferential substantial evidence standard. Id. at 223. We will not disturb the decision that Puspita failed to meet her burden of proof “unless any reasonable adjudicator would be compelled to conclude to the contrary.” Yu v. Att’y Gen., 513 F.3d 346, 348 (3d Cir.2008).
Puspita’s arguments relate exclusively to her claim of a “pattern or practice of persecution” of ethnic Chinese Christians in Indonesia. See 8 C.F.R. §§ 1208.13(b)(2)(iii)(A), 1208.16(b)(2)(i). To meet her burden of proof, Puspita was required to present objective evidence demonstrating that persecution of ethnic Chinese Christians in Indonesia is “systemic, pervasive, or organized.” See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005).
A.
Our case law has not conclusively addressed whether or not there is a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. See Sukwanputra v. Gonzales, 434 F.3d 627, 637 n. 10 (3d Cir.2006). However, we have recently considered State Department Reports from 1999, 2003, and 2004, and have concluded that the reports do not demonstrate persecution sufficiently “systemic, pervasive, or organized” to constitute a pattern or practice. See Wong v. Att’y Gen., 539 F.3d 225, 233-34 (3d Cir.2008); Lie, 396 F.3d at 537.[2] We have also noted that recent State Department reports reflect improving treatment of ethnic Chinese Christians in Indonesia. See Wong, 539 F.3d at 234.
Puspita attempted to establish a pattern or practice of persecution of ethnic Chinese Christians by primarily relying upon four State Department reports[3]: the 2001 and 2003 Country Reports on Human Rights Practices in Indonesia, see A.R. 262-98; A.R. 315-51, and the 2002 and 2006 International Religious Freedom Reports, see A.R. 110-21; A.R. 300-13. These reports are largely the same as those we addressed in Lie and Wong. In *354 particular, as in Lie and Wong, Puspita’s proffered State Department reports contain evidence undermining her pattern or practice claim.[4]
Based upon our review of Puspita’s record evidence, and guided by our decisions in Lie and Wong, we conclude that substantial evidence supports the BIA’s decision. The record does not compel the conclusion that there is a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); see also Wong, 539 F.3d at 233-34; Lie, 396 F.3d at 537.
B.
Puspita does not make any meaningful attempt to argue that the objective evidence compels a different conclusion. See Yu, 513 F.3d at 348. Instead, she claims that legal error requires that her case be remanded for additional factfinding. Specifically, she claims: (1) that the IJ’s fact-finding was insufficient and the BIA inappropriately engaged in de novo factfinding; and (2) that the BIA inappropriately took administrative notice of disputed pattern or practice evidence and, in violation of her right to due process, did not permit her to present evidence in rebuttal. Puspita’s claims lack merit.
(1)
The BIA concluded that the IJ applied an erroneous legal standard to Puspita’s pattern or practice claim, but held that the error was harmless because the evidence was insufficient to establish her claim under the correct standard.[5] Puspi-ta contends that because the IJ did not consider her evidence under the correct standard in the first instance, the BIA did not have a sufficient record upon which to rest its decision.
We disagree. The BIA relied upon the IJ’s findings concerning Puspita’s objective evidence, including the finding her proffered State Department reports undermined her claim. See IJ’s Decision, A.R. 12-13 (quoting the 2006 State Department report, and concluding that “[t]hese may be defined as acts of discrimination, but they are not acts of persecution.”). The BIA concluded that the IJ’s factfinding was not clearly erroneous,[6] see BIA Decision, A.R. 5 (citing 8 C.F.R. § 1003.1(d)(3)), and then appropriately applied the correct legal standard to those facts. See 8 C.F.R. § 1003.1(d)(3)(ii) (the BIA may review questions of law de novo). We see no error in this approach.
(2)
Before the BIA, Puspita attempted to distinguish her pattern or practice claim from our decision in Lie by arguing that the Lie decision rested upon older State Department reports. Specifically for the purpose of addressing her concern, the BIA took administrative notice of a more recent 2007 State Department report, and concluded that the 2007 report also failed to establish “systemic, pervasive, or organized” persecution of ethnic Chinese Christians. See Wong, 539 F.3d at 234. Puspita contends that the BIA erred because the facts in the 2007 State Department *355 report are in dispute and the BIA cannot take administrative notice of disputed facts. She also contends that Due Process required that she be permitted to present evidence in rebuttal.
We reject Puspita’s arguments. The BIA is permitted to take administrative notice of certain facts within its area of expertise, see 8 C.F.R. § 1003.1(d)(3)(iv); Zubeda v. Ashcroft, 333 F.3d 463, 479 (3d Cir.2003), including State Department Country reports. See 67 Fed. Reg. 54878, 54892-3 (Aug. 27, 2002) (listing DOS country condition reports as an example of what was intended by the term “official documents” in the regulation). Indeed, this Court has encouraged the BIA to view applicants’ claims in light of current country conditions. See Berishaj v. Ashcroft, 378 F.3d 314, 331 (3d Cir.2004).[7] Under the regulations, Puspita should have anticipated that the BIA could take notice of the 2007 State Department report.
Moreover, Puspita placed the report at issue. The BIA took notice of the report in response to Puspita’s contention that the information in earlier State Department reports — specifically, the information underlying our decision rejecting the pattern or practice claim in Lie — is now stale. As a result, she may not fault the BIA for considering the more recent 2007 report in the course of rendering its decision.[8]
III. Conclusion
Puspita bore the burden of demonstrating the existence of a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. The BIA concluded that her objective evidence was insufficient and, as a result, Puspita failed to meet that burden. Because the record does not compel a contrary conclusion, see Elias-Zacarias, 502 U.S. at 481 n. 1, 112 S.Ct. 812 the BIA’s decision rests upon substantial evidence. We therefore will deny the petition for review. Puspita’s motion to file a supplemental appendix is denied.

. Puspita is proceeding on behalf of herself, her husband, Wibisono Alianto, and their two children, Sherin and Steffi Alianto. For purposes of this opinion, we will refer only to Puspita.

. For example, the 2003 and 2004 State Department Reports "generally emphasize the steps taken by the Indonesian government to promote religious, racial, and ethnic tolerance and to reduce interreligious violence ... [and] indicate that private parties, not government officials, are the predominant cause of harassment and violence.” Wong, 539 F.3d at 233-34.

. Puspita also submitted expert affidavits by Dr. Jeffrey Winters and Jana Mason. We have reviewed the affidavits and cannot conclude that they establish "systemic, pervasive, or organized” persecution against Chinese Christians in Indonesia. See Lie, 396 F.3d at 537. Moreover, we note that the petitioner in Wong similarly relied on an affidavit from an expert on Indonesian country conditions, Wong, F3d F.3d at 229, and as in Wong, Puspita’s expert affidavits do not undermine the factual findings based upon the State Department reports. As we have previously stated, "Country reports ... are the most appropriate and perhaps the best resource of information on political situations in foreign nations.” Zubeda v. Ashcroft, 333 F.3d 463, 477-78 (3d Cir.2003).

.For example, the 2006 State Department Report on International Religious Freedom notes that "the Government generally respected freedom of religion," that "[t]here was little change in respect for religious freedom during the period covered by the report,” and that "[m]ost of the population enjoyed a high degree of religious freedom." A.R. 110.

. The BIA concluded that the IJ erred by stating that, in order to establish a "pattern or practice” of persecution of ethnic Chinese Christians in Indonesia, Puspita was required to show that she personally suffered past persecution.

. Puspita does not dispute this conclusion.

. Although Puspita cites Berishaj in support of her argument that Due Process demands that she be permitted to rebut the BIA's finding, the portion of Berishaj to which she cites discussed the opportunity to rebut evidence considered for the first time on appeal to this Court, not the BIA's ability to consider evidence of current country conditions. Id. at 330. Indeed, in Berishaj, we specifically called upon the BIA to consider current country information where possible, so that our Court may avoid review of administrative records “so out-of-date as to verge on meaningless.” Id. at 331.

. In addition, the BIA’s consideration of the 2007 State Department report was not determinative of whether Puspita met her burden of proof on her pattern or practice claim. The BIA reached its decision that "the evidence of record is insufficient” before it considered the 2007 report.